UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANDON NEAL,

                Petitioner,              Case Number: 04-10153-BC
                                              Honorable David M. Lawson

v.

MARY BERGHUIS,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Landon Neal, presently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84, in the Wayne County, Michigan circuit court and sentenced to concurrent prison terms of fifteen to thirty years and six to ten years. The petitioner alleges that his incarceration is unlawful because the trial court, sitting without a jury, based its guilty verdict on erroneous findings of fact and the findings of fact were unclear; his sentence was based upon incorrect information; insufficient evidence was presented to support his convictions; and trial counsel was ineffective. The respondent has filed an answer to the petition asserting that the claims are procedurally defaulted and otherwise lack merit.

I.

The charges of assault with intent to commit murder and assault with intent to commit great bodily harm less than murder arose from an incident that occurred on July 4, 1997 in Detroit, Michigan. At a bench trial conducted in July 1998 in the Wayne County, Michigan circuit court,

the prosecution presented evidence that the petitioner repeatedly struck Joseph Adams in the face with the butt of a shotgun and then doused Kevin Watkins with gasoline and set him on fire.

Adams testified that on July 11, 1997, he and Watkins were drinking at the petitioner's mother's house. When they left the house at approximately 11:00 p.m., Watkins could not get his vehicle started. Watkins began working under the hood of the vehicle while Adams looked on. Adams testified that the petitioner drove up, exited his vehicle, and began hitting Adams with the butt of a rifle. Adams eventually lost consciousness. Watkins testified that he was working on his vehicle when he was hit on the head and lost consciousness. When he awoke, he was on fire; he lost consciousness again and awoke in a hospital three months later. Watkins testified that he was burned over sixty percent of his body and remained hospitalized for six months.

The petitioner testified in his own defense. He explained that he and a friend drank heavily on the day of the incident. When he arrived home, Adams attacked him. The petitioner testified that gasoline from a can that had been in front of the house spilled on him and Watkins. He further testified that he panicked and flicked his lighter, but he did not intend to harm Watkins.

The court convicted the petitioner as charged. He was sentenced to concurrent prison terms, as stated earlier. After the judgment and sentence were rendered, the petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

I.    Was the trial court's determination of guilty based upon findings of fact which were erroneous and prevented the trial court from properly evaluating the defense of self-defense thereby effectively denying the appellant his constitutional right to present a defense?

II.   Is the appellant entitled to a resentencing because the trial court based appellant's sentence upon incorrect information?

The petitioner also filed a *pro se* supplemental brief raising the following claim:

-2-

III.    Was the trial court's finding of fact clearly erroneous in dismissing the diminished capacity defense in ruling that defendant had a clear recall of the events of that evening?

The Michigan Court of Appeals affirmed the petitioner's convictions and sentences. *People v. Neal*, No. 220401 (Mich. Ct. App. Mar. 30, 2001).

The petitioner filed an application for leave to appeal in the Michigan Supreme Court that presented the same claims raised before the Michigan Court of Appeals plus a claim that the trial court erred in denying his motion to quash the information. The court denied leave to appeal. *People v. Neal*, No. 119095 (Mich. Sept. 25, 2001).

The petitioner then filed a motion for relief from judgment in the trial court presenting the following claims: (1) the trial court was unclear on its finding regarding the petitioner's intent to commit the crimes; (2) his appellate attorney was ineffective for failing to raise this claim; (3) the trial court's findings of fact otherwise were insufficient; and (4) trial counsel was ineffective for failing to ensure proper scoring of sentencing guidelines. The trial court denied the motion for relief from judgment. *People v. Neal*, No. 98-001269 (Wayne County Cir. Ct. Dec. 10, 2002).

The petitioner filed an application for leave to appeal in the Michigan Court of Appeals, presenting the same claims raised in the motion for relief from judgment and the following additional claim:

This honorable Court of Appeals should grant defendant's request for a *Ginther* hearing, where there was no independent testimonial record of counsel's performance to properly determine his ineffectiveness pursuant to defendant's motion for relief of judgment for a showing of good cause for failing to raise claims on direct appeal.

-3-

The Michigan Court of Appeals denied leave to appeal, *People v. Neal*, No. 245868 (Mich. Ct. App. Aug. 13, 2003), and denied the petitioner's motion for reconsideration. *People v. Neal*, No. 245868 (Mich. Ct. App. Sept. 24, 2003).

The petitioner sought leave to appeal in the Michigan Supreme Court presenting the same claims presented in his motion for relief from judgment. The court denied leave to appeal. *People v. Neal*, No. 125038 (Mich. Apr. 30, 2004).

The petitioner then filed his petition for a writ of habeas corpus in which he articulated his claims in the language of his state court appellate briefs. In the petitioner's words, the claims are as follows:

I.      The trial court determination of guilt based upon findings of fact which were erroneous and prevented the trial court from properly evaluating the defense of self-defense thereby effectively denying the appellant his constitutional right to present a defense.

II.     The trial court's findings of fact [were] clearly erroneous in dismissing the diminished capacity defense in ruling that defendant had a clear recall of the events of that evening.

III.    The appellant is entitled to a resentencing because the trial court based appellant's sentence upon incorrect information.

IV.     This honorable circuit court should grant defendant's request for trial court's clarification in regards to trial court's finding of facts pursuant to defendant's assault with intent to murder and assault with intent to do great bodily harm less than murder convictions, where the trial court's findings of fact were unclear as to exactly what was intended by the defendant and further the basis for those findings and also whether the trial court's factual findings were based upon facts proven beyond a reasonable doubt as required by law.

V.      This honorable circuit court should grant defendant's request for trial court's entry of lesser offenses of assault with intent to murder and assault with intent to do great bodily harm less than murder, and for resentencing or grant defendant a new trial or acquittal where trial court's findings of facts did not find defendant guilty beyond a reasonable doubt of assault with intent to murder or assault with intent to do great bodily harm less than murder

-4-

pursuant of prosecution's case in chief thus denying defendant due process of law.

VI.    This honorable circuit court should grant an evidentiary hearing to examine defense counsel's competence and effectiveness concerning counsel's lack of objection to defendant's scoring where the trial judge relied on inappropriately a scoring error pursuant to defendant's PSI report upon imposing a minimum sentence to defendant convicted offenses of assault with intent to murder and assault with intent to do great bodily harm less than murder, where defendant was erroneously scored inappropriately on PRV and OV variables thus denying defendant due process of law.

The respondent contends that the petitioner's fourth claim, that there was insufficient evidence to sustain the convictions, was not fairly presented to the state courts, the petitioner's sixth claim is procedurally defaulted, and his remaining claims are without merit. The trial court specifically addressed the claim that "the Court's findings of fact are insufficient and unreasonable to support either conviction[]" when it denied the petitioner's motion for relief from judgment. The Court finds that the petitioner did present an argument as to the sufficiency of the factual findings, the claim was exhausted in state court, and this petition is not a "mixed" petition.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases: An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000); internal quotes omitted). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

-6-

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 410-11. *See also King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

A.

The petitioner's first, second, and fourth claims for habeas corpus relief all challenge the trial court's findings of fact. In his first claim, the petitioner argues that the trial court based its guilty verdict on erroneous findings of fact because it incorrectly discounted the petitioner's testimony that he was attacked and acting in self-defense. He argues that the trial court's findings violated his right to present a defense. In his second claim, the petitioner argues that the trial court incorrectly rejected the petitioner's diminished capacity defense because the petitioner clearly recalled the events of the evening. Finally, in his fourth claim the petitioner argues that the trial court failed to

-7-

find that an essential element of the crime—the specific intent to kill or cause great bodily harm, respectively—was proven beyond a reasonable doubt with respect to each of the charges.

Michigan law requires a trial court conducting a bench trial to make specific findings of fact and conclusions of law. *See* Mich. Ct. R. 2.517(A)(1). However, a federal court may grant an application for writ of habeas corpus only on the ground that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Because the petitioner's challenges to the trial court's findings of fact are based on state law, they are not cognizable on habeas review. *See Pulley v. Harris,* 465 U.S. 37, 41 (1984).

The petitioner claims that the trial court's rejection of his self-defense theory also violated his right to present a defense. The right of a defendant to present a defense has long been recognized as "a fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 19 (1967). It is one of the "minimum essentials of a fair trial." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). However, the petitioner was not restricted in presenting his defense of self-defense to the trial court. Instead, he says that the trial court erred in not accepting that defense. The trial court's rejection of the self-defense claim on the merits does not amount to an unconstitutional limitation on his right to present a defense. In a bench trial, it is the trial court's job to assess the credibility of the witnesses and weigh the evidence. The trial court did not violate the petitioner's rights by choosing to disbelieve the petitioner's claim of self-defense.

## B.

In his third claim, the petitioner argues that the trial court based his sentence on incorrect information. The petitioner states that the trial judge, when imposing his sentence, said that the petitioner's actions were unprovoked. At trial, the petitioner testified that he acted in self-defense.

A sentencing judge "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Grayson*, 438 U.S. 41, 50 (1978) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)). The Supreme Court, however, has held that a sentence imposed on the basis of "misinformation of constitutional magnitude" violates due process. *Tucker*, 404 U.S. at 447. A sentence violates due process when it is based "on a foundation [that is] extensively and materially false, which the prisoner had no opportunity to correct." *Townsend v. Burke*, 334 U.S. 736, 741 (1948). A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988).

The Michigan Court of Appeals considered this claim and held that the petitioner failed to prove that he was sentenced on the basis of inaccurate information. Although the petitioner testified at trial that he acted in self-defense, the petitioner's statements to the police immediately after the incident did not support this claim, and various witnesses testified that the petitioner's attack was unprovoked.

Because the petitioner has failed to show that he was sentenced on the basis of inaccurate information, he is not entitled to habeas relief on this issue.

## C.

In his fifth claim, the petitioner asks this Court to vacate his convictions because the prosecution did not prove the specific intent element of either crime. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact

-9-

necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364 (1970). The critical inquiry in a sufficiency-of-the-evidence claim is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

> [T]his inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.* at 318-19 (internal citation and footnote omitted). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. at 324 n.16.

Under Michigan law, to prove the crime of assault with intent to commit murder, the prosecution must establish: (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder. *People v. Hoffman*, 225 Mich. App. 103, 111, 570 N.W.2d 146, 150 (1997). A factfinder may infer the intent to kill from any facts in evidence. *Ibid.* To prove the crime of assault with intent to do great bodily harm, the prosecution must establish proof of (1) an attempt or threat with force or violence to do corporal harm to another, and (2) an intent to do great bodily harm less than murder. *People v. Parcha*, 227 Mich. App. 236, 239, 575 N.W.2d 316, 318 (1997).

As the Michigan Court of Appeals noted, the petitioner's statements to police soon after the attack established that he became angry at the victims when he found them at his house, confronted them, and fought with them, then doused Watkins with gasoline and set him on fire. The victims testified that the petitioner attacked them without warning and Watkins testified that he was knocked

unconscious before he was set on fire.  A fact finder may infer that a defendant intends the natural and likely consequences of his acts to occur.  *See DeLisle v. Rivers*, 161 F.3d 370, 389 (6th Cir. 1998) (en banc).  It is reasonable to infer an intent to kill from the act of dousing Watkins with gasoline and setting him on fire because Watkins was likely to burn to death as a result.  Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the petitioner guilty of assault with intent to murder and assault with intent to cause great bodily harm.  The petitioner is not entitled to habeas corpus relief on the basis of this claim.

D.

Finally, in his sixth claim, the petitioner argues that his trial attorney was ineffective in failing to object to the calculation of his sentencing scoring guidelines.  The respondent argues that this claim is procedurally defaulted because the petitioner did not raise the claim in his direct appeal.  The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991).  Application of the cause-and-prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent."  *Rust v. Zent,* 17 F.3d 155, 162 (6th Cir. 1994); *see Murray v. Carrier*, 477 U.S. 478, 496 (1986).

For the doctrine of procedural default to apply, a firmly established state-procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule.  *Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001); *see also Warner*

-11-

*v. United States*, 975 F.2d 1207, 1213-14 (6th Cir. 1992).  Additionally, the last state court from which the petitioner sought review must have invoked the state-procedural rule as a basis for its decision to reject review of the petitioner's federal claim.  *Coleman*, 501 U.S. at 729-30.  Finally, the procedural default must rest on an "adequate and independent" state ground.  *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).

The petitioner raised this claim for the first time on collateral review in state court.  The Michigan Supreme Court denied leave to appeal on the ground that the petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)."  *Neal*, No. 125038, slip op. at 1.  The respondent argues that the Michigan Supreme Court's reliance on M.C.R. 6.508(D) is an independent state law ground that supports its decision.

Michigan Court Rule 6.508(D) applies to motions for relief from judgment, and states:

(D) Entitlement to Relief.  The defendant has the burden of establishing entitlement to the relief requested.  The court may not grant relief to the defendant if the motion

(1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300;

(2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief . . .

Mich. Ct. R. 6.508(D).

"Although 6.508(D)(1), (2), and (3) list specific procedural grounds for denying a defendant relief from judgment, these procedural grounds are not the exclusive grounds for which a court may deny relief pursuant to M.C.R. 6.508(D)." *Abela v. Martin*, 380 F.3d 915, 922 (6th Cir. 2004). A court may deny relief solely on the ground that the petitioner has not "establish[ed] entitlement to the relief requested," which is not a procedural ground. *Id*. Therefore, where the Michigan Supreme Court references only M.C.R. 6.508(D) generally as a basis for denying leave to appeal, that reference without more is insufficient to establish that the court denied leave to appeal based upon a procedural ground. *Ibid*. However, where other "clarifying indicators" clearly demonstrate the state court's intention to invoke an "independent and adequate state procedural rule" by its general reference to 6.508(D), a federal court may determine that federal habeas review is barred. *See id*. at 923-924. One "clarifying indicator" is whether lower state courts specifically invoked a procedural bar. *See id*. In this case, the trial court specifically invoked Mich. Ct. R. 6.508(D)(3) in denying relief on this claim.

Therefore, it appears that a state procedural rule was in place during the relevant time, namely that a Michigan court may not grant relief upon a motion for relief from judgment if the grounds for relief in the motion could have been raised on appeal from the conviction or in a prior motion. *See* Mich. Ct. R. 6.508(D)(3). It also appears that the Michigan courts actually enforced the procedural rule in this case. The Sixth Circuit has interpreted a form order denying a motion for relief from judgment, such as the one issued by the Michigan Court of Appeals and the Michigan Supreme Court in this case, as an "explained" state court judgment denying the motion for relief from judgment on a procedural ground. *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004); *Luberda v. Trippett*, 211 F.3d 1004, 1006 (6th Cir. 2000). The Sixth Circuit has held that Rule

-13-

6.508(D) is an independent and adequate ground supporting the state judgment. *Howard*, 405 F.3d at 477; *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

Because the petitioner fails to assert cause to excuse his procedural default, his claims are barred unless he can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298 (1995). The Supreme Court has explicitly tied the miscarriage of justice exception to a petitioner's innocence. *Schlup*, 513 U.S. at 321. To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 327. The petitioner has failed to present any evidence of actual innocence. Therefore, this claim is barred from consideration by procedural default.

III.

The petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: August 8, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 8, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---